J-S02038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESUS CHUITO PAGAN | : | |
| | : | |
| Appellant | : | No. 868 EDA 2022 |

Appeal from the PCRA Order Entered February 28, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003753-2014

BEFORE:   LAZARUS, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED MARCH 15, 2024**

Jesus Chuito Pagan appeals ***pro se*** from the February 28, 2022 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

A detailed recitation of the factual background is not relevant to our disposition and need not be reiterated in full here.  In sum, Appellant shot the decedent, Justin Carter, on the streets of  Philadelphia, killing him.  ***See*** notes of testimony, 6/3/15 at 186-210.

The PCRA court summarized the procedural history of this case as follows:

> On June 11, 2015, a jury found [Appellant] guilty of first degree murder, possession of an instrument of crime ("PIC"), [firearms not to be carried without a

_____

[*] Former Justice specially assigned to the Superior Court.

license], and [carrying firearms on public streets or public property in Philadelphia]. [Appellant] was sentenced that same day to an aggregate sentence of life imprisonment without the possibility of parole plus 8½ to 17 years state incarceration.

On June 20, 2015, [Appellant] filed a post-sentence motion. On July 1, 2015, before the court could rule on the post-sentence motion or an order finalizing the judgment of sentence, [Appellant] filed a *pro se* notice of appeal to the Superior Court. On October 5, 2015, the Superior Court entered an order to quash the appeal as interlocutory pursuant to *Commonwealth v. Borrero*, 692 A.2d 158, 160 (Pa.Super. 1997).

On February 22, 2016, [Appellant] filed a *pro se* PCRA petition requesting the court to reinstate his appellate rights *nunc pro tunc*. On September 11, 2017, [Appellant] filed an Amended Petition. On February 12, 2018, the parties agreed to reinstate [Appellant's] appellate rights *nunc pro tunc*. The Superior Court affirmed [Appellant's] judgment of sentence on May 3, 2019. The Pennsylvania Supreme Court denied *allocator* on October 15, 2019.[1]

On September 2, 2020, [Appellant] filed the instant timely PCRA petition alleging ineffective assistance of trial and appellate counsel as well as vague allegations of prosecutorial misconduct, trial court "abuse of discretion," erroneous jury instructions, and unspecified violations of his constitutional rights. On December 23, 2020, Michael I. McDermott, Esquire [(hereinafter "PCRA counsel")] was appointed as PCRA counsel. On January 24, 2022, [PCRA counsel] filed a [petition to withdraw and] "no-merit" letter

---

[1] *See Commonwealth v. Pagan*, 217 A.3d 366 (Pa.Super. 2019), *appeal denied*, ____ A.3d ____ (Pa 2019).

pursuant to [**Turner**/**Finley**].[2]  [PCRA counsel] filed an amended "no-merit" letter on January 26, 2022.

PCRA court opinion, 6/16/22 at 2 (extraneous capitalization omitted; some citation formatting amended).

On January 27, 2022, the PCRA court provided Appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1).  Appellant filed a response to the PCRA court's Rule 907 notice on February 28, 2022.  That same day, the PCRA court granted PCRA counsel permission to withdraw and dismissed Appellant's petition.  This timely **pro se** appeal followed on March 21, 2022.[3]

Appellant raises only one issue for our review:

1.     Does the PCRA court's dismissal of [] Appellant's PCRA petition constitute clear legal error given [] Appellant was denied his right to effective assistance of counsel on his first PCRA requiring remand to the lower court?

Appellant's brief at 4 (extraneous capitalization omitted).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error."  **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted).  "This Court grants

---

[2]  **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. 1988) (**en banc**).

[3] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Patterson***, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

The crux of Appellant's argument is that the PCRA court erred in permitting PCRA counsel to withdraw and dismissing his petition because (i) PCRA counsel failed to comply with the technical mandates of ***Turner***/***Finley***; and (ii) was ineffective for filing a no-merit letter in lieu of providing effective representation on his behalf. Appellant's brief at 4, 8. We disagree.

Preliminarily, we recognize that to prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 104 A.3d 523 (Pa. 2014).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of

- 4 -

the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii).

Pursuant to *Turner*/*Finley*, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral review] is permitted." *Commonwealth v. Widgins*, 29 A.3d 816, 817 (Pa.Super. 2011) (citations omitted). In *Widgins*, a panel of this Court explained that independent review requires proof of the following:

1. A "no merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id.* at 818 (citations omitted; brackets in original).

Additionally,

Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising

- 5 -

> petitioner of the right to proceed ***pro se*** or by new counsel.
>
> **. . . .**
>
> Where counsel submits a petition and no-merit letter that … satisfy the technical demands of ***Turner***/***Finley***, the court – trial court or this Court – must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Muzzy***, 141 A.3d 509, 511 (Pa.Super. 2016) (citations omitted).

Here, the record reflects that PCRA counsel has satisfied the demands of ***Turner***/***Finley***. PCRA counsel filed a petition to withdraw and "no-merit" letter which stated the nature and extent of his review; listed the issues for which Appellant sought review; explained why and how the issues lacked merit; and requested permission to withdraw. ***See Finley*** Letter/Petition, 1/24/22; Amended ***Finley*** Letter/Petition, 1/26/22. PCRA counsel also sent Appellant a copy of the "no-merit" letter, a copy of the petition to withdraw, and a statement advising Appellant of his right to proceed ***pro se*** or by privately retained counsel. ***See id.*** Consequently, we are unpersuaded by Appellant's claim that PCRA counsel somehow rendered ineffective assistance by electing to file a petition to withdraw and no-merit letter in accordance with ***Turner***/***Finley***.

Based on the foregoing, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition and affirm the February 28, 2022 order of the PCRA court.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/15/2024